1

2

3

4

5

6                UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF CALIFORNIA

8

9  HSBC BANK USA, NA, AS TRUSTEE ON )      1:09-cv-1260 OWW BAK
   BEHALF OF ACE SECURITIES CORP.   )
10 HOME EQUITY LOAN TRUST AND FOR    )      ORDER AFTER SCHEDULING
   THE REGISTERED HOLDERS OF ACE     )      CONFERENCE
11 SECURITIES CORP. HOME EQUITY      )
   LOAN TRUST, SERIES 2007-ASAP1     )
12 ASSET BACKED PASS-THROUGH         )
   CERTIFICATES,                     )
13                                    )
                 Plaintiff,           )
14                                    )
        v.                            )
15                                    )
   ERIC VALENCIA, HILDA VALENCIA,    )
16                                    )
                 Defendants.          )
17                                    )
   _____  )
18

19

20 I.   Date of Scheduling Conference.

21      November 18, 2009.

22 II.  Appearances Of Counsel.

23      Houser & Allison by Joshua H. Abel, Esq., appeared on behalf

24 of Plaintiff.

25      Hilda Valencia appeared in pro se.

26      Also present is Antonio Machuca.

27 III.  Summary of Pleadings.

28      1.   This Court does not have jurisdiction over this matter

                            1

because there is no subject matter jurisdiction.  The instant
case was an unlawful detainer which was tried in May 2009 and for
which Plaintiff obtained judgment.  Under 28 U.S.C. § 1447(c),
this case should be remanded to the State Court.  Plaintiff's
claims did not and do not arise under the laws of the United
States.  A case arises under federal law where federal law
"creates the cause of action" or "the vindication of a right
under state law necessarily turn[s] on some construction of
federal law."  *Franchise Tax Board v. Construction Laborers
Vacation Trust*, 463 U.S. 1, 9 (1983) (internal citations
omitted).  In addition, where a Plaintiff claims to rely on a
state remedy, but the rights she possesses are actually based on
federal law, federal question jurisdiction exists.  *Fristoe v.
Reynolds Metals Co.*, 615 F.2d 1209, 1211-1212 (9th Cir. 1980).

    2.    Here, the Complaint filed was an unlawful detainer
action for the possession of real property.  There were no
additional claims and there is neither federal question
jurisdiction nor diversity jurisdiction, nor is any alleged in
the Notice of Removal filed by Defendants.

    3.    Plaintiff filed an unlawful detainer complaint in the
Superior Court of California, for the County of Kern on March 19,
2009, case number S-1500-CL-236845.  A true and correct copy of
the Kern County Superior Court website docket is attached as
Exhibit 1 to the Report of the Parties' for Mandatory Scheduling
conference pursuant to Rule 26(f) filed herein ("Report").  On
May 28, 2009, this matter proceeded to trial and judgment was
rendered for Plaintiff.  See Exhibit 1 attached to the Report.
Subsequently, judgment was entered and a writ of possession

1   issued.   Months later, on July 21, 2009, Defendants Eric Valencia

2   and Hilda Valencia ("Defendants") filed a notice of removal

3   bringing this action to this Court.   Two days after that,

4   Defendants filed a Chapter 13 Bankruptcy action, which was

5   dismissed approximately a month later.   See Exhibit 2 attached to

6   the Report, which is a true and correct copy of the Bankruptcy

7   Court's docket for the Defendants' Bankruptcy case.   Defendants

8   had no grounds to remove an unlawful detainer action to this

9   Court and have not filed any documents since filing their Notice

10  of Removal.

11      4.   All claims and defenses in the instant matter were

12  dealt with in the eviction trial in May 2009.

13      5.   The Defendant, Hilda Valencia, has presented the Court

14  with an "affidavit of non-response" and related documents filed

15  with the Court on November 17, 2009.

16  IV.   Further Scheduling Conference.

17      1.   Plaintiff disputes jurisdiction in this removed

18  case and intends to file a notice for remand of the case to the

19  State Court on or before November 26, 2009.

20      2.   By virtue of the question concerning the

21  jurisdiction of the United States Court and the propriety of

22  removal to this Court, a Rurther Scheduling Conference shall be

23  held following the hearing and decision on Plaintiff's Motion for

24  Remand.

25      3.   Following disposition of the removal and remand motion,

26  a Further Scheduling Conference, if necessary, will be set.

27      4.   The Correct address, 5524 Apple Tree Lane, Bakersfield,

28  CA 93309 is shown in the docket and that is where the Valencias

3

1   are to be served.

2

3

4   IT IS SO ORDERED.

5   **Dated:**   __**November 19, 2009**__          __/s/ **Oliver W. Wanger**__
                                          UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4**