# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NA, AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-ASAP1 ASSET BACKED PASS-THROUGH CERTIFICATES<br><br>        Plaintiff,<br><br>        v.<br><br>ERIC VALENCIA, HILDA VALENCIA,<br><br>        Defendants. | 09-CV-1260-OWW-JLT<br><br>MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO REMAND (Doc. 9) |

## I. INTRODUCTION

Before the court is a motion to remand brought by Plaintiff HSBC Bank USA, NA, As Trustee on Behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-ASAP1 Asset Backed Pass-Through Certificates ("Plaintiff"). Defendants Eric Valencia and Hilda Valencia ("Defendants"), who removed this case, have not filed an opposition. The following background facts are taken from Plaintiff's submissions in connection with this motion and other documents on file in this case.

## II. BACKGROUND

**A.** <u>Procedural History</u>

On July 21, 2009, Defendants filed a notice of removal (Doc. 1) which purports to remove an unlawful detainer action that Plaintiff filed against Defendants in Kern County Superior Court.

1

The notice of removal includes a copy of the state court complaint. (Doc. 1, Ex. A.) The complaint is entitled "Verified Complaint For Unlawful Detainer," and, on its face, specifically requests "less than $10,000" in recovery. (*Id*.) The complaint is two pages long and asserts only one state law claim for unlawful detainer. No federal claims are pled.

In their notice of removal, Defendants assert that removal is proper by virtue of federal question jurisdiction and diversity jurisdiction. With respect to diversity, in their notice of removal, Defendants state that their "current residence is that of the State of California" and "[f]rom the allegations set forth in the State Court Complaint," they "[b]elieve that the amount of controversy exceeds $75,000." (Doc. 1 at 2.)

B. <u>Plaintiff's Motion To Remand</u>

On November 11, 2009, Plaintiff filed its motion to remand (Doc. 9) in which Plaintiff argues that federal subject matter jurisdiction is lacking. Plaintiff contends that neither federal question nor diversity jurisdiction exist.

### III. STANDARD OF DECISION

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (*citing* 28 U.S.C. § 1441). It is presumed, however, "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Id*. (alterations in original) (internal quotation marks omitted).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). The defendant always bears the burden of establishing that removal is proper and the court "resolves all ambiguity in favor of remand." *Hunter*, 582 F.3d at 1042. Even absent a formal motion to remand, a "district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*." *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). A district court must remand a removed case if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Bruns v. Nat'l Credit Union Admin*, 122 F.3d 1251, 1257-58 (9th Cir. 1997).

**A.   Removal Based On Federal Question Jurisdiction**

To determine whether removal is proper based on "federal question jurisdiction, the well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hunter,* 582 F.3d at 1042 (internal quotation marks omitted). Under the well-pleaded complaint rule, federal question jurisdiction attaches "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, __ U.S. __, 129 S. Ct. 1262, 1272 (2009) (alteration in original) (internal quotation marks omitted). More specifically, federal question jurisdiction exists "if a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question

3

of federal law." *Armstrong v. Northern Mariana Islands*, 576 F.3d 950, 955 (9th Cir. 2009) (internal quotation marks omitted).

Consistent with the well-pleaded complaint rule, a counterclaim, even if completely preempted by federal law, cannot provide the basis for federal question jurisdiction and support removal. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 & n.2 (2002); *Vaden v. Discover Bank*, __ U.S.__, 129 S. Ct. 1262, 1273, 1276 (2009). Nor can federal jurisdiction "be predicated on an actual or anticipated defense." *Vaden*, 129 S. Ct. at 1272. In removed cases, federal "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998); *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("[P]ost-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.").

**B.  Removal Based On Diversity Jurisdiction**

As to diversity jurisdiction, federal district courts have subject matter jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a); *see also Hunter*, 582 F.3d at 1043. Section 1441(b) limits removal in diversity cases to those where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In other words, "§ 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a

citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). The status of the parties' citizenship and the amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy). For removal purposes, diversity jurisdiction is analyzed and must exist "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

## IV. DISCUSSION AND ANALYSIS

After reviewing Plaintiff's complaint and Defendants' notice of removal, neither federal question jurisdiction nor diversity jurisdiction exist. Because federal jurisdiction is lacking, this case must be remanded.

**A.  Federal Question**

On its face, the complaint does not show it is based on federal law. The removed complaint contains only one state law cause of action for unlawful detainer. No federal claims are pled in the complaint, and there is no indication that Plaintiff's right to relief necessarily depends on the resolution of a substantial

question of federal law (or any question of federal law for that matter).

In their notice of removal, Defendants support their assertion of federal question jurisdiction by citing to a document Defendants drafted and attached to their notice of removal. (Doc. 1 at 2.) This document is entitled "Affidavit Of Negative Averment, Opportunity to Cure, And Counterclaim." The top of the document reads "UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA" and the words "In Admiralty" appear next to the caption. The document purports to be some sort of federal pleading containing a counterclaim. Upon examination, the document has nothing to do with admiralty; rather, it concerns Defendants' mortgage. For several reasons, this document does not and cannot support removal on the basis of federal question jurisdiction.

First, this document is not part of Plaintiff's complaint; rather, it is some type of responsive pleading drafted by Defendants and submitted in connection with their notice of removal. Under the well-pleaded complaint, this document cannot confer, or be considered for purposes of determining, federal question jurisdiction. *See Vaden*, 129 S. Ct. at 1272 (federal question jurisdiction exists "only when the *plaintiff's* statement of his own cause of action shows that it is based upon [federal law]") (emphasis added) (alteration in original); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (the federal question "must be disclosed upon *the face of the complaint*, unaided by the answer or by the petition for removal") (emphasis added) (internal quotation marks omitted).

Second, considering this document would not only violate the

well-pleaded complaint rule, but also the rule that "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal." *Sparta Surgical Corp*, 159 F.3d at 1213. This document was not part of the pleadings at the time of removal; rather, Defendants filed this document in federal court with their notice of removal. "[B]ecause the propriety of removal is determined solely on the basis of the pleadings filed in state court," *Williams*, 471 F.3d at 976, this document cannot confer, or be considered for purposes of determining, federal question jurisdiction.

Federal question jurisdiction is lacking and removal cannot be justified on this basis.

B. <u>Diversity</u>

As for diversity jurisdiction, there are at least four reasons why it cannot justify removal. First, there are no allegations in the complaint or in the notice of removal about Defendants' state of "citizenship."

As for the complaint, it merely alleges that each Defendant is a "natural person" who, at a given point in time, "occupied" certain premises in California. (Doc. 1, Ex. A. 1-2.) This allegation of mere physical occupancy is not equivalent to, and falls short of, an allegation of citizenship. *See Kanter*, 265 F.3d at 857 (recognizing that a person's physical location is not determinative of their state of citizenship); *see also Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (same). The complaint's lack of allegations regarding citizenship is understandable. The "citizenship of the parties or the corporation's principal place of business or its state of incorporation normally will not be set

forth in a complaint filed in a state court so that that pleading therefore will not reveal the existence of diversity of citizenship jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) (internal quotation marks omitted).

Like Plaintiff's complaint, Defendants' notice of removal is also deficient with respect to citizenship allegations. In the notice of removal, Defendants state only that their "current residence is that of the State of California." (Doc. 1 at 2.) As explained in *Kanter*, however, allegations of "residency" are not equivalent to allegations of "citizenship" which support diversity jurisdiction:

> Plaintiffs' complaint and Pfizer's notice of removal both state that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. In this case, neither Plaintiffs' complaint nor Pfizer's notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.

265 F.3d at 857-58 (internal citations omitted); *see also Harris*, 425 F.3d at 695 ("The face of Harris' initial pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated Brown's 1972 residency, not his citizenship . . . ."). Here, as in *Kanter*, neither the notice of removal nor the complaint include any

allegations regarding Defendants' state of citizenship. This is fatal to their assertion of diversity jurisdiction.

Second, the notice of removal alleges that Defendants' "*current* residence" is in California. (Doc. 1 at 2.) To justify removal on diversity grounds, diversity of citizenship must exist "as of the filing of the complaint." *Harris*, 425 F.3d at 695-96. The *current* residence of Defendants does not demonstrate that they *were* residents, let alone citizens, of California *as of the filing of the complaint*.[1]

Third, there is nothing in the complaint or in the notice of removal about *Plaintiff's* state of citizenship. The complaint merely states that Plaintiff is a "national association qualified to do business in California" and nothing more. (Doc. 1., Ex. A. at 1.) Defendants' notice of removal provides no further information. The notice of removal does not include any allegations regarding Plaintiff's status as an association or any corresponding allegations about Plaintiff's state of citizenship.[2] The complaint

---

[1] Even if Defendants were citizens of California, this would have barred their ability to remove on the basis of diversity because "§ 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively*, 456 F.3d at 939. However, the Ninth Circuit has concluded that this limitation, also called the "forum defendant rule," is procedural or non-jurisdictional in nature and, accordingly, is waived unless timely raised. *Id.* at 939, 942. Plaintiff does not mention the forum defendant rule and appears to have waived the issue.

[2] Plaintiff's state of citizenship depends upon what type of entity it is. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that, for purposes of diversity jurisdiction, a trust has the citizenship of its trustees, an unincorporated association has the citizenship of its

and the notice of removal fail to indicate Plaintiff's state of citizenship, and this too is fatal to Defendants' assertion of diversity jurisdiction.

Fourth, apart from citizenship issues, the amount in controversy requirement is not satisfied. In order to remove the unlawful detainer action, Defendants "must show that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Valdez,* 372 F.3d at 1116 (internal quotation marks omitted). The state court complaint, on its face, expressly requests "less than $10,000."[3] This amount is far below the monetary threshold necessary to invoke diversity jurisdiction.

Plaintiff, citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007), argues that because it expressly requested less than the jurisdictional amount in its state court complaint, to justify removal Defendants must "prove to a legal certainty that [P]laintiff's claim" exceeds $75,000. In the Ninth Circuit, depending upon the allegations in the complaint, there are different burdens of proof placed upon removing parties with respect to establishing the requisite amount in controversy. *See Guglielmino*, 506 F.3d at 699.

In *Guglielmino* the Ninth Circuit discussed one of its recent removal cases, *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994

---

members, and a corporation is deemed a citizen of the state in which it is incorporated and of the state where it has its principal place of business).

[3] In addition, the Civil Case Cover Sheet accompanying the complaint indicates that it is a "Limited" civil case in which the "[a]mount demanded is $26,000 or less."

10

(9th Cir. 2007), which dealt with a removal in a case involving the Class Action Fairness Act ("CAFA"). The *Guglielmino* court discussed its holding in *Lowdermilk*, stating "we held in the CAFA context that when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with *legal certainty* that CAFA's jurisdictional amount is met.'" *Guglielmino*, 506 F.3d at 699 (quoting *Lowdermilk*, 479 F.3d at 1000) (emphasis added). In a footnote, the *Guglielmino* court discussed and left open the question whether the *Lowdermilk* "legal certainty" standard applies only in the CAFA context. 506 F.3d at 700 n.3. The *Guglielmino* court then determined that the state court complaint at issue failed to "allege a sufficiently specific total amount in controversy," 506 F.3d at 701, and therefore the "legal certainty" standard, even if it applied outside the CAFA context, was not implicated. The *Guglielmino* court then analyzed the case under the "preponderance of the evidence" standard. This standard applies when it is not evident from the face of the state court complaint whether the requisite amount in controversy is pled. *Guglielmino*, 506 F.3d at 699. More specifically, "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez*, 372 F.3d at 1117. Under this preponderance of the evidence standard, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v.*

*Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (internal quotation marks omitted). The defendant must "provide evidence establishing that it is more likely than not that the amount in controversy exceeds" $75,000. *Valdez*, 372 F.3d at 1117 (internal quotation marks omitted).

Here, it need not be determined whether the *Lowdermilk* "legal certainty" standard applies. Even under the more lenient preponderance of the evidence standard, Defendants have not met their burden of proof.

The notice of removal states that Defendants "[b]elieve the amount of controversy exceeds $75,000." (Doc. 1 at 2.) This is not enough. "Conclusory allegations as to the amount in controversy," such as this, "are insufficient." *Matheson,* 319 F.3d at 1090-91. In addition, "information and *belief* hardly constitutes proof by a preponderance of the evidence." *Valdez*, 372 F.3d at 1117 (emphasis added) (internal quotation marks omitted). Defendants have provided no other evidence and have not proved, by a preponderance of the evidence, that it is more likely than not that the amount in controversy exceeds $75,000.

For all these reasons, diversity jurisdiction is lacking and removal cannot be justified on this basis.

### V. CONCLUSION

Defendants have not shown that removal was proper. Neither federal question nor diversity jurisdiction supports removal in this case. Because subject matter jurisdiction is lacking, Plaintiff's motion to remand is GRANTED and this case is ORDERED remanded to the Kern County Superior Court.

12

**Within five (5) days following electronic service of this Memorandum Decision Plaintiff shall submit a form of order consistent with this decision.**

IT IS SO ORDERED.

**Dated:    February 10, 2010**            /s/ Oliver W. Wanger
                                 UNITED STATES DISTRICT JUDGE